May it please the Court, I would like to reserve two minutes for rebuttal. Your Honors, I realize that I have a tough row to hoe in this case. I'm well aware that in Taylor v. Lewis, another panel of this Court found that a three-strikes-25-years-to-life sentence was not grossly disproportionate to the crime of possessing a minute quantity of cocaine. Nonetheless, I submit that the 25-to-life sentence that was imposed on Montano is grossly disproportionate to the offense for which it was imposed, namely possession of 7 one-hundredths of a gram of methamphetamine. In my submission, drug crimes cannot all be treated as if they were the same. Some drug crimes may warrant draconian sentences, but some don't. And the crime at issue in this case is one of the latter, unlike, for example, the crime in Harmelin, where the defendant was convicted of possessing one-and-a-half pounds of cocaine. In Harmelin, the Supreme Court found that a sentence of life without possibility of parole was excessive. I would submit that a sentence of life without possibility of parole for at least 25 years is sufficiently draconian so that one can reasonably find in Montano's case that that sentence is grossly disproportionate to his crime. Yes. Is it unreasonable to find otherwise? I would say it is unreasonable to find otherwise. So how would you distinguish Taylor v. Lewis? I would distinguish Taylor on these grounds. First of all, as the lower courts recognized, there is a distinction between possession of cocaine and the crimes at issue in Andrade and Ewing, namely petty theft with a prior. Possession of cocaine is always a felony under California law. That distinguishes it from the crime in this case, possession of methamphetamine, which is a wobbler, so-called, and is often treated only as a misdemeanor and probably would have been so treated but for Montano's criminal history, which included two strikes. One reason why I submit to you that the California Court of Appeal was unreasonable in rejecting his gross disproportionality argument is that it focused primarily not on the current offense of possessing seven hundredths of a gram of methamphetamine, but rather on his criminal history. It's clear that the primary focus must be on the current offense and that criminal history, while relevant, is never more than an aggravating factor. Here in my submission, the California Court of Appeal turned that on its head and allowed the tail to wag the dog. It allowed the criminal history to become the primary focus of its attention. Isn't that basically how these cases have been running? I mean, whether they should be or shouldn't be. I mean, in fact, no one thinks that it would be reasonable to sentence somebody in the Taylor circumstances, for example, who had .36 grams of cocaine and nothing else to 25 years in prison. I mean, I presume that would be, quote, an unusual punishment. It's because of the priors that it's not unreasonable. Well, I would ask this Court not to follow Taylor and to distinguish. We have no choice but to follow Taylor. I'm sorry? We have no choice but to follow Taylor. Well, if you disagree with the reasoning, it's open to this Court to say that this case is distinguishable from Taylor on the ground that we're dealing here with a wobbler rather than a crime which is always a felony. And secondly, and perhaps more importantly, the criminal histories in the two cases are different. In Taylor, the defendant had been convicted of a homicide, a voluntary manslaughter for stabbing the victim to death, and had also been convicted, I just want to make sure I get this correct, of robbery at gunpoint. The only violence in Montano's history was a 1990 assault with a knife which occurred during a drunken fight in which he cut the victim's arm. And I would submit to you that that is not comparable to a voluntary manslaughter, a stabbing death, combined with a robbery at gunpoint. So on that basis, I submit the two cases, Taylor and Montano, can be distinguished on their facts, that as well as the distinction between the always felony crime of possession of cocaine versus the wobbler offense of possession of methamphetamine. So while at first blush it certainly would appear that Taylor controls this case, in my submission it does not, and it's open to this Court to distinguish the two. It's further my submission that the California Court of Appeal, because it focused primarily on Montano's criminal history, and indeed not simply on his criminal history, but on speculation that in the current offense he may have driven under the influence of PCP, not methamphetamine, but PCP, a different drug entirely, and may have driven again but for his arrest. That was not proved. That was not even alleged in the information on which he was tried. Has the Supreme Court – I mean, I notice that this Court recently has adopted an approach to these cases of looking underneath the prior convictions to find out what actually happened. Yes. Which, of course, we don't do with prior convictions generally and with regard to Taylor issues. Not this Taylor, the other Taylor. Okay. Has the Supreme Court sanctioned that approach? I mean, there's something very strange about it. Well, I'm not aware of any Supreme Court case in which that's been done. And so there's no compelling Supreme Court decision on – which would – which would require this Court to do that. I forgot. If this had been his first claim, what was the maximum as a felony? As a felony, the maximum is three years, of which he would do only 50 percent. So, in other words, the maximum real penalty for Montano's crime standing alone is 18 months. And by dint of his two strikes, it becomes inflated to a sentence which is 16 times, at a minimum, 16 times greater. And so I submit to you that that cries out gross disproportionality and that no reasonable tribunal, such as the California Court of Appeal, could have found that it was not grossly disproportionate. I see my first eight minutes are just about up. And one other question is how much time had Montano spent in prison prior to this crime? He had been in prison once. He'd been in jail several times, but in prison only once. For how long?  On a parole violation. So how long altogether? Do you know that? Mr. Healthman may correct me on this, but I believe three years. I think that's right. Yeah, that sounds right. Okay. Thank you. Thank you. You may reserve the remainder of your time. Good morning. In view of Andrade, Ewing, and the recent decision in Taylor v. Lewis, I submit that this is not a controversial case. Mr. Montano has a history, 17-year history, of criminal conduct. He's been in and out of prison three times. In and out of jail. In and out of jail, in and out of prison, parole failures, probation failures. He has felonies. He has more than 20 misdemeanors. He has exhibited violence on more than just one occasion, in addition to inflicting serious bodily injury on the victim of the assault with a deadly weapon by stabbing him, which is what Taylor did. Of course, Taylor's victim did not survive. Montano's victim did survive, but both stabbed their victims. Montano also resorted to the use of a knife to avoid paying a cab fare, you may recall. And in addition, he attacked police officers. In this case, he attacked two police officers running at them, attempting to tackle them, and then a third officer was kicked in the stomach by Montano when he pursued him down the street, and he has a violent attack on a police officer in his past as well. And then, of course, there are the series of driving while under the influence, which poses a threat to Montano and the public at large, and there was the threat in this case that he either had driven or would drive again while seriously under the influence of methamphetamine and phencyclidine. I don't see how we can take that into account. I mean, he wasn't driving. He wasn't convicted of driving. It just seems totally irrelevant. Okay. My view is that the State Court seems to have paid it some attention. They paid some attention to that, and the Andrade Court, I believe, I don't think that there is a Supreme Court case that specifically holds that the underlying circumstances can be examined, but the Supreme Court has done it. In the Andrade case, I believe they pointed out that the two incidences where the videotapes were taken from retail stores at the time when the stores were open for business were nonviolent, and I don't think those are reflected strictly in the elements of the offenses. They took some account of the surrounding circumstances. Those were both the crime of conviction, right? That's right. But as to priors is what I'm asking then. Well, I can't help you on that. I don't know of a case that has specifically held that that can or cannot be done, but I agree that it is done. So we have violence not only in Montano's 17-year criminal history. We have violence in the context of the current offenses, the attacks on the police officers. He was charged with two batteries against officers. This shouldn't pose a problem. The distinction between the Taylor case and this case, the Taylor victim died and Montano's victim happened to survive, should not cause us a problem. And I would like to quote one sentence from Judge Pragerson's opinion in Rays v. Brown. You may recall in that case the defendant had a nonviolent current offense. He had a nonviolent burglary as a juvenile, and there was some question in the case about whether the robbery was or was not violent. The evidence suggested Rays was in possession of a knife at the time the robbery was committed, but there was no evidence whether he pulled the knife out of his pocket and used it in any way in order to perpetrate the robbery. And so Judge Pragerson, in the Rays' opinion, remanded the case to the district court to take some evidence on what, in fact, was done with the knife, if anything, in the course of the commission of the robbery. And the dissenting opinion in that case said that possession of a knife during the commission of a robbery should be enough to demonstrate violence, and Judge Pragerson had this response. If Rays or an accomplice, if any, actually used a knife in the commission of the 1987 robbery, an inference of gross disproportionality would not be raised because it is the use of a weapon that threatens to cause great grave harm, unquote. However, here, of course, this was just a drunken brawl, and he used his knife in the arm. I don't see that as comparable to a robbery with some weapon. I think they're different. What do we make of the fact that this current crime is a wobbler? In the Ewing opinion, that question was raised and addressed, and the court said that the distinction between a straight felony and a wobbler in California is irrelevant, the reason being that under California law, a wobbler is a felony. It is not conceptually a misdemeanor. It merely allows the exercise of discretion in the charging process or in the sentencing process to afford a rehabilitative opportunity to the defendant. Ewing specifically says it's an irrelevant distinction. Well, these cases are very tough, but I wonder about California's policy. They're going to have a large geriatric prison very soon. So as a matter of policy, I wish the state would take a little look at what they're up to. I'm sure that it will be reevaluated periodically as time goes on, and perhaps the point you've raised will have a greater weight in the future. In this case particularly, this person seems to have a drug problem. That's basically his problem. Yeah, he does have basically a drug problem, but in addition he's exhibited violence over the course of time. And the points that you're raising are policy questions for the state of California and for the state courts and for the legislature. These are not questions that have to be resolved by this court. The sole question for this court is whether the decision of the State Court of Appeal is an unreasonable application of a United States Supreme Court authority or a violation of clearly established United States Supreme Court law. That's as far as you have to go. I know that in many of these cases the decisions are uncomfortable to many people, but the voters have made their choice, and the state is dealing with it now. It may reevaluate this decision in the future, but for this court the function is fairly limited. And I think that the Taylor case really sets the course for the decision in this case. Thank you very much. Take your time. I'll be very brief. There is some relevance to the distinction between a wobbler and a felony. The relevance is that it reflects the California legislature's view of the respective gravity of the two crimes. Clearly, the California legislature considers Montano's crime, possession of methamphetamine, less grave or serious than possession of cocaine, as in Taylor's case. Secondly and finally, it's important to note that while Montano has a conviction for assault with a deadly weapon, that conviction occurred 10 years earlier, and the crime even earlier than that, 10 years before the current offense was committed. Unlike Ewing, about whom the Supreme Court said this is a man with a record of increasing violence, the opposite is true in Montano's case. He has no conviction since 1990 for any weapons offense or any crime of violence. If the existence of one violent felony 10 years before the current offense were sufficient justification for imposing a sentence as draconian as this, then I submit that the tale really is wagging the dog and that that was never the intention of the founders in the Eighth Amendment. And with that, unless the Court has questions. Thank you very much. Thank you. Thank you, counsel. The case of Montano v. Lamarck is submitted.
judges: B. Fletcher, Berzon, Trager